# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN GARCIA, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>ALLSTATE INSURANCE,<br><br>Defendant. | Case No. 1:12-cv-00609-AWI-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S ANTI-SLAPP MOTION AND REQUEST FOR ATTORNEY'S FEES BE GRANTED IN PART AND DENIED IN PART**<br><br>(Docket No. 13)<br><br>**OBJECTIONS DUE: 21 days** |

## I. INTRODUCTION

On June 21, 2012, Defendant Allstate Insurance ("Allstate" or "Defendant") filed a special motion to strike Plaintiffs Efrain Garcia and Ofelia Garcia's (the "Garcias" or, collectively, "Plaintiffs") entire complaint pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure Section 425.16. Plaintiffs did not file an opposition to Defendant's motion. The Court reviewed the motion and supporting documents and determined that this matter was suitable for decision without oral argument pursuant to the Local Rules of the United States District Court, Eastern District of California, Rule 230(g); as such, the hearing on the motion was vacated.

For the reasons set forth below, the Court RECOMMENDS that Defendant's motion be GRANTED IN PART and DENIED IN PART, that Plaintiffs' complaint be DISMISSED without prejudice and with leave to amend, and that Defendant's request for attorney's fees be DENIED.

## II. BACKGROUND

On March 12, 2012, Plaintiffs filed a complaint in the Tulare County Superior Court for malicious prosecution against Defendant. (Doc. 1, pp. 5-7.) Plaintiffs alleged that on or about

1  October 19, 2004, Defendant had instituted a prior civil action against Plaintiffs, claiming
2  subrogation of damages in the amount of $10,233.20. (Doc. 1, p. 6, ¶ 5.) Plaintiffs' complaint states
3  in relevant part:

> Defendant[] acted without probable cause in bringing the [prior action in] that they did not honestly and reasonabl[y] believe that there were grounds for the action because DMV [Department of Motor Vehicle] records clearly showed that Plaintiffs were not the owners of the vehicle that Defendant was seeking subrogation for. Defendant[,] furthermore, continued to prosecute the action even after Plaintiffs asserted this fact.

(Doc. 1, p. 6, ¶ 7.)  Plaintiffs state that Defendant voluntarily dismissed the prior action on November 11, 2011. (Doc. 1, ¶ 6.)

Plaintiffs allege that Defendant "acted maliciously" in bringing the prior suit due to Defendant's refusal to "dismiss the [prior] lawsuit against Plaintiffs even after Plaintiffs on numerous attempts communicated that they did not own the subject vehicle, and showed sufficient proof of this." (Doc. 1, p. 6, ¶ 8.) Plaintiffs' complaint seeks damages in the sum of $300,000 and costs in the amount of $4,300. (Doc. 1, p. 6, ¶¶ 9-10.)

On April 17, 2012, Defendant filed a Notice of Removal in this Court based on diversity grounds pursuant to 28 U.S.C. § 1441(b), asserting that Plaintiffs are citizens of the State of California, Defendant is a corporation incorporated under the laws of the State of Illinois with its principal place of business in that state, and the damages sought by Plaintiff exceed $75,000. (Doc. 1, pp. 1-2.)

On May 17, 2012, the parties filed a stipulation and proposed order for an extension of time for Defendant to file an anti-SLAPP motion, which was granted by the Court on May 22, 2012. (Docs. 6, 8.) A stipulation and proposed order for a second extension of time for Defendant to file an anti-SLAPP motion was filed on June 1, 2012, and granted by the Court on June 5, 2012. (Docs. 9, 10.) Defendant's anti-SLAPP motion was filed on June 21, 2012, and Plaintiffs did not file an opposition. (Doc. 13.)

## III.  DISCUSSION

**A.     Legal Standard**

The California legislature enacted California Code of Civil Procedure section 425.16(a) as a remedy for the "disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Code Civ. Proc. § 425.16(a); *see also Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 59-60 (2002).  Such lawsuits are known as "SLAPP" suits, an acronym for "strategic lawsuit against public participation." *Equilon Enters*, 29 Cal. 4th at 57, n.1.  SLAPP suits are "civil lawsuits. . . aimed at preventing citizens from exercising their political rights or punishing those who have done so." *Rezec v. Sony Pictures Entm't, Inc.*, 116 Cal. App. 4th 135, 139 (2004) (citations omitted).  Section 425.16(a) provides that the statute shall be broadly construed. *Rohde v. Wolf*, 154 Cal. App. 4th 28, 35 (2007).

A defendant opposing a SLAPP claim may bring a special motion to strike any cause of action "arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Cal. Civ. Proc § 425.16(b)(1).  The so-called "anti-SLAPP" statute provides a means of quickly identifying and eliminating SLAPP actions through early dismissal.  Because SLAPP suits seek to deplete "the defendant's energy" and drain "his or her resources," the legislature sought "to prevent SLAPPs by ending them early and without great cost to the SLAPP target." *Kibler v. N. Inyo Cnty. Local Hosp. Dist.*, 39 Cal. 4th 192, 197 (2006) (citations omitted).  "Thus, in promulgating section 425.16, the California legislature provided that a 'special motion to strike may be brought early in the lawsuit and that discovery ordinarily may not proceed unless and until the court finds that the [plaintiff's] suit has a probability of success.'" *Aeroplate Corp. v. Arch Ins. Co.*, No. CV F 06-1099 AWI SMS, 2006 WL 3257487, at *3 (E.D. Cal. Nov. 9, 2006) (citing *Rogers v. Home Shopping Network, Inc*. 57 F. Supp. 2d 973, 976 (C.D. Cal.1999)).

The Ninth Circuit has determined that Section 425.16 applies in federal courts in the absence of "direct collusion" between the state enactment and the Federal Rules of Civil Procedure 8, 12, and 56. *U.S. ex rel. Newsham v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999);

*see also Hopscotch Adoptions, Inc. v. Kachadurian*, No. CV F 09-2101 LJO MJS, 2011 WL 587357, at *3 (E.D. Cal. Feb. 9, 2011); *Aeroplate Corp*, 2006 WL 3257487, at *4. California's "[a]nti-SLAPP statute and the Federal Rules do, in some respects, serve similar purposes, namely the expeditious weeding out of meritless claims before trial . . . . [T]here is no indication that Rules 8, 12, and 56 were intended to 'occupy the field' with respect to pretrial procedures aimed at weeding out meritless claims." *Lockheed Missiles*, 190 F. 3d at 972. The Ninth Circuit found that:

> Although Rules 12 and 56 allow a litigant to test the opponent's claims before trial, California's "special motion to strike" adds an additional, unique weapon to the pretrial arsenal, a weapon whose sting is enhanced by a entitlement to fees and costs. Plainly, if the anti-SLAPP provisions are held not to apply in federal court, a litigant interested in bringing meritless SLAPP claims would have a significant incentive to shop for a federal forum. Conversely, a litigant otherwise entitled to the protections of the Anti-SLAPP statute would find considerable disadvantage in a federal proceeding.

*Id.* at 973.

"Special procedural rules apply where an anti-SLAPP motion is brought in federal court." *Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006); *see also Hopscotch Adoptions, Inc.*, 2011 WL 587357, at *3. Federal courts must apply federal standards when considering Section 425.16 motions. *Rogers*, 57 F. Supp. 2d at 982. "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Id.* at 983. However, "[i]f a defendant makes a special motion to strike based on the plaintiff's alleged failure of proof, the motion must be treated in the same manner as a motion under Rule 56 except that again the attorney's fees provision of § 425.16(c) applies." *Id.*[1]

---

[1] The Court notes that other than citing to *Lockheed Missiles*, 190 F.3d at 973, for the proposition that "[t]he anti-SLAPP law is generally applicable in federal court as to state law claims," Defendant provides no federal authority setting forth the standard under which Section 425.16 is evaluated in federal court. (*See* Doc. 13, 8:17-19 and Doc. 13 generally.) Attorneys have a duty to provide controlling authority to the court, and to inform the court of conflicts in the law. *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1539 (9th Cir. 1986) (the Ninth Circuit stating that it has "no quarrel" with "the district court's salutary admonitions against misstatements of the law, failure to disclose directly adverse authority, or omission of critical facts.")

While a Section 425.16 special motion to strike does not apply to federal claims in federal court, *see*, *e.g.*, *Bulletin Displays, LLC*, 448 F. Supp. 2d at 1182; *Hopscotch Adoptions, Inc.*, 2011 WL 587357, at *4, the anti-SLAPP statute does apply to "state law claims that federal courts hear pursuant to their diversity jurisdiction." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 (9th Cir. 2010).

A court considering a motion to strike under California's anti-SLAPP statute must engage in a two-part inquiry. First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from activity protected by the anti-SLAPP statute. Cal. Code Civ. Pro. § 425.16(b)(1); *Brill Media Co. v. TCW Group, Inc.*, 132 Cal. App. 4th 324, 329, (2005), *disapproved on other grounds in Simpson Strong-Tie Co., Inc. v. Gore*, 49 Cal. 4th 12, 230 P.3d 1117 (2010). In determining whether the defendant has made this showing, the California Supreme Court has stressed that "the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech." *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002). Second, if the defendant is able to make this threshold showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. Accordingly, a plaintiff must show that the claim is "both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Jarrow Formulas, Inc. v. LaMarche*, 31 Cal. 4th 728, 744 (2003). Claims for which a plaintiff is able to satisfy this burden are "not subject to being stricken as a SLAPP." *Id.*; *see also Roderick v. Weissman*, No. 1:11-CV-02093 LJO, 2012 WL 639463, at *2 (E.D. Cal. Feb. 24, 2012).

**B.    Analysis**

Defendant moves to strike Plaintiffs' single cause of action for malicious prosecution. As Plaintiffs' complaint alleges a state law claim, and this action was removed by Defendant to this Court based on diversity, the Court properly considers Defendant's anti-SLAPP motion.[2] (Doc. 1.)

---

[2] Defendant's anti-SLAPP motion was timely filed. Section 425.16(f) provides in pertinent part that "[t]he special motion may be filed within 60 days of the service of the complaint or, in the court's discretion, at any later time upon terms it deems proper." Here, although Defendant's motion was filed more than 60 days after the service of the complaint, the Court granted two stipulated requests to extend the time for Defendant to file the motion. (Docs. 8, 10.) As such, the anti-SLAPP motion was filed within the time allowed pursuant to the Court's discretion.

### 1. Defendant Meets Its Burden to Show that Plaintiffs' Suit Arises From Protected Activity

Defendant bears the initial burden of making a prima facie showing that Plaintiffs' suit arises from activity that is protected under California's anti-SLAPP statute. Cal. Code Civ. Pro. § 425.16(b)(1); *Brill Media Co.*, 132 Cal. App. 4th at 329. "[T]he critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity." *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002). "[A] defendant that satisfies its initial burden of demonstrating the targeted action is one arising from protected activity faces no additional requirement of proving the plaintiff's subjective intent . . . Nor need a moving defendant demonstrate that the action actually has had a chilling effect on the exercise of such rights." *Id.* at 88 (citation omitted). "A defendant meets this [protected activity] burden by demonstrating that the act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Braun v. Chronicle Publishing Co.*, 52 Cal. App. 4th 1036, 1043 (1997).

California Code of Civil Procedure 425.16 (e) provides:

As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

(1) ***any written or oral statement or writing made before a legislative, executive, or judicial proceeding,*** or any other official proceeding authorized by law;

(2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law;

(3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest;

(4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

(emphasis added.)

Here, Plaintiffs allege one claim for malicious prosecution based on Defendant having filed a prior lawsuit against Plaintiffs for subrogation of damages. (Doc. 1, pp. 5-7.) Defendant's filing of the underlying lawsuit is a protected activity under Section 425.16(e)(1). "The constitutional right to petition . . . includes the basic act of filing litigation or otherwise seeking administrative action."

*Ludwig v. Super. Ct.*, 37 Cal. App. 4th 8, 19 (1995). "It is well established that filing a lawsuit is an exercise of a party's constitutional right of petition." *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1087 (2001). The "filing of a judicial complaint satisfies the 'in connection with a public issue' component of section 425.16, subdivision (e)(1) because it pertains to an official proceeding." *Id*. at 1087.

Further, "by its terms, section 425.16 potentially may apply to every malicious prosecution action, because every such action arises from an underlying lawsuit, or petition to the judicial branch. By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit." *Jarrow Formulas, Inc.*, 31 Cal. 4th at 734–35 (2003).

As such, Defendant has met its prima facie burden to show that Plaintiffs' suit arises under activity protected by California's anti-SLAPP statute.

**2. Plaintiffs Fail to Demonstrate a Probability of Prevailing on Their Claim for Malicious Prosecution**

As Defendant has met its burden, the burden now shifts to Plaintiffs to show the probability of prevailing on the challenged claims. Cal. Code Civ. Pro. § 425.16(b)(1); *Jarrow Formulas, Inc.*, 31 Cal. 4th at 744. "[T]he plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Premier Med. Mgmt. Sys., Inc. v. Cal. Ins. Guarantee Assn.*, 136 Cal. App. 4th 464, 476 (2006) (citations and emphasis omitted). As such, a plaintiff must "establish a probability he or she will prevail on the claim at trial, i.e., to proffer a prima facie showing of facts supporting a judgment in the plaintiff's favor." *Chavez*, 94 Cal. App. 4th at 1087.

Plaintiffs failed to file an opposition to Defendant's motion. To survive an anti-SLAPP motion, Plaintiffs are required to show that their complaint is "supported by a sufficient prima facie showing of facts to sustain a favorable judgment" on the issues of probable cause and malice. *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) (internal citations and quotations omitted). The Court "considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence." *Id*. Further the court "should grant the motion if, as a matter of law, the

defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim." *Id.*; *see also Roderick*, 2012 WL 639463, at *5.

> Where, as here, the process of discovery is not begun or is incomplete, the rule . . . is . . . : (1) If the motion pursuant to section 425.16 challenges the legal sufficiency of the complaint, and does not require the consideration of facts that are produced through the discovery process, then the issue is decided under the standards applicable to a motion to dismiss pursuant to Rule 12(b)(6) . . . [and] (2) If the motion challenges the factual basis of the plaintiff's case, and relies on declarations and affidavits produced through the discovery process, then the application of Rule 56 may require the motion to strike pursuant to section 425.16 be denied as premature.

*Aeroplate Corp*, 2006 WL 3257487, at *5 (citing *Rogers*, 57 F. Supp. 2d at 982-83).

Based on the early time frame of this lawsuit in which only the complaint and the instant motion have been filed, it seems likely that discovery has not begun or is incomplete, although Plaintiffs failed to file an opposition and thus do not affirmatively set forth this contention.[3] However, as this action would be procedurally controlled under Rule 26 discovery rules, and no scheduling order has yet been issued in this case, the formal discovery period has not yet opened. *See* Fed. R. Civ. P. 26(d).

As such, the Court considers the legal sufficiency of Plaintiffs' complaint under a motion to dismiss Rule 12(b)(6) standard.

### a. Plaintiffs' Complaint Does Not Sufficiently Plead A Claim for Malicious Prosecution

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

---

[3] To the extent that Plaintiffs may contend that they were unable to provide arguments or evidence to the Court because an oral hearing was not held in this matter, that objection would lack merit. Local Rule 230(c) provides in pertinent part that "[o]pposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date . . . . *No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party*." (emphasis added). As Plaintiffs did not file an opposition to the anti-SLAPP motion, Plaintiffs would not have been entitled to have been heard in opposition at an oral hearing had one been held.

8

accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiffs complaint fails to adequately allege a claim for malicious prosecution, the only cause of action pled. (*See* Doc. 1, pp. 5-7.) "To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in [plaintiff's] favor; (2) was brought without probable cause; and (3) was initiated with malice." *CitiWide Preferred Couriers, Inc. v. Golden Eagle Ins. Corp.*, 114 Cal. App. 4th 906, 911 (2003). These elements "have historically been carefully circumscribed so that litigants with potentially valid claims will not be deterred from bringing their claims to court by the prospect of a subsequent malicious prosecution claim." *Sheldon Appel Co. v. Albert & Olliker*, 47 Cal. 3d 863, 872 (1989).

Plaintiffs' complaint alleges that on October 19, 2004, Defendant instituted the prior civil action against Plaintiffs in the Tulare County Superior Court in *Allstate Insurance Company v. Efrain Garcia and Ofelia Garcia*, case no. PCL1045534. (Doc. 1, p. 6, ¶ 5.) Plaintiffs further allege that Defendant voluntarily dismissed that action on November 11, 2011. (Doc. 1, p. 6, ¶ 6.) Plaintiffs' complaint thus sets forth that the underlying state court action was commenced by Defendant and was terminated in Plaintiffs' favor. As such, Plaintiffs' allegations sufficiently meet the first prong of establishing a claim for malicious prosecution. *See Chevron Corp. v. Bonifaz*, No. 09-05371 CW, 2010 WL 1948681, at \*4 (N.D. Cal. May 12, 2010) (noting that "[t]o be considered favorable for the purposes of a malicious prosecution suit, the termination must reflect the merits of the action and the plaintiff's innocence of the misconduct alleged in the lawsuit" and finding that

"[i]n most cases, a voluntary unilateral dismissal is considered a termination in favor of the defendant in the underlying action") (citations omitted).

Plaintiffs, however, fail to demonstrate either probable cause or malice, the second and third prongs of a malicious prosecution suit. "The probable cause inquiry is objective, asking whether a reasonable person would have thought that the claim was legally tenable without regard to her mental state . . . . This is a lenient standard; only those actions that any reasonable attorney would agree are totally and completely without merit may form the basis for a malicious prosecution suit." *Chevron Corp.*, 2010 WL 1948681, at *6 (citations and quotation marks omitted).

Plaintiffs' complaint alleges that Defendant lacked probable cause in bringing the underlying state court action because Defendant "did not honestly and reasonably believe there were grounds for the action" since records from the Department of Motor Vehicle purportedly showed that "Plaintiffs were not the owners of the vehicle that caused the motor vehicle accident [for which] Defendant was seeking subrogation." (Doc. 1, p. 6, ¶ 7.) Plaintiffs further assert that Defendant "continued to prosecute this action even after Plaintiffs asserted this fact [that they were not the owners of the vehicle]." (Doc. 1, p. 6, ¶ 7.) Plaintiffs allegations, however, are merely conclusory and fail to establish a factual basis regarding Defendant's knowledge at the time the suit was initiated or while the proceedings were ongoing.

Plaintiffs do not submit a copy of the underlying state court complaint to establish Defendant's conduct and do not submit copies of the Department of Motor Vehicle records to establish ownership of the vehicle, nor do they allege sufficient facts to establish Defendant's knowledge regarding vehicle ownership or when Defendant purportedly gained that knowledge. Additionally, as the initial complaint was for subrogation based on an automobile accident, Plaintiffs fail to establish that they were not, in fact, involved with the accident even if they were not purportedly the owners of the vehicle. The Court is left to speculate on matters because Plaintiffs' complaint is devoid of facts to support their allegations.

Likewise, Plaintiffs fail to establish malice on behalf of Defendant. "The malice element of the malicious prosecution tort relates to the subjective intent or purpose with which the defendant acted in initiating the prior action." *Sheldon Appel Co.*, 47 Cal. 3d at 874. In some jurisdictions,

malice can be inferred from, among other things, a lack of probable cause. *See Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478, 516 n. 39 (1998). However, in California, because the presence or absence of probable cause is an entirely objective inquiry, "[b]y itself, the conclusion that probable cause is absent logically tells the trier of fact nothing about the defendant's subjective state of mind." *Id*. at 498. As such, "the presence of malice must be established by other, additional evidence." *Id*. The additional evidence "must include proof of either actual hostility or ill will on the part of the defendant or a subjective intent to deliberately misuse the legal system for personal gain or satisfaction at the expense of the wrongfully sued defendant." *Id*. at 498–99.

"Additional proof of malice can consist of evidence a party *knowingly* brings an action without probable cause . . . . [A] corollary to this rule can be stated as follows: malice can be inferred when a party *continues* to prosecute an action after becoming aware that the action lacks probable cause*."* *Daniels v. Robbins*, 182 Cal. App. 4th 204, 226 (2010). "[T]he extent of a defendant attorney's investigation and research may be relevant to the further question of whether or not the attorney acted with malice." *Sheldon Appel*, 47 Cal. 3d at 883. In other words, the actual ill will or improper purpose required for "malice" in a malicious prosecution action can range from "open hostility to indifference." *See Soukup v. Law Ofices of Herbert Hafif*, 39 Cal.4th 260, 296 (2006).

Plaintiffs allege that Defendant "acted maliciously in bringing" the underlying suit by "refus[ing] to dismiss the lawsuit against Plaintiffs even after Plaintiffs on numerous attempts communicated that they did not own the subject vehicle, and showed sufficient proof of this." (Doc. 1, p. 6, ¶ 8.) As such, Plaintiffs appear to allege that Defendant continued to prosecute the prior action after learning Plaintiffs were not the owners of the vehicle. Plaintiffs' allegations, however, are again conclusory and fail to provide a factual basis to support their claims. Plaintiffs do not establish that they were not, in fact, actually involved in the accident even if they were not the owners of the vehicle, and would thus have potentially been subject to a subrogation suit. Further, Plaintiffs fail to establish when and how Defendant learned that Plaintiffs were not the vehicle owners, what Defendant's response was to discovering that Plaintiffs were not the owners, or how long Defendant failed to act on this information.

11

The only facts that are firmly established in Plaintiff's complaint are that the current Defendant Allstate brought a prior lawsuit for subrogation against the current Plaintiffs in Tulare County Superior Court on October 19, 2004, in the case of *Allstate Insurance Company v. Efrain Garcia and Ofelia Garcia*, case no. PCL1045534, due to an automobile accident, and that the underlying suit was voluntarily dismissed by Allstate on November 11, 2011. (Doc. 1, pp. 5-7.) Additional facts that can be gleaned from Plaintiffs' complaint are that Department of Motor Vehicle records purportedly indicated that Plaintiffs were not the owners of the motor vehicle that caused the accident, and that Defendant was informed at some unspecified time of this information. (Doc. 1, pp. 5-7.)

To be adequate, a claim must set out who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *Bautista v. L.A. Cnty.*, 216 F.3d 837, 840-41 (9th Cir. 2000). Due to the lack of factual allegations, Plaintiff's claim for malicious prosecution does not satisfy Rule 8's requirement of providing fair notice of the nature of Plaintiff's claims and the factual grounds upon which the claims rest. *Twombly*, 550 U.S. at 555.

As such, Plaintiffs' bare-bone allegations do not sufficiently plead a complaint under a federal pleading standard, *see Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, nor do they provide the adequate information required to meet Plaintiffs' prima facie burden to oppose a Section 425.16 anti-SLAPP motion, *see Chavez*, 94 Cal. App. 4th at 1087; *Greensprings Baptist Christian Fellowship Trust v. Miller*, No. 09-1054 SC, 2009 WL 2252113, at *11 (N.D. Cal. July 28, 2009), *appeal dismissed and remanded Greensprings Baptist Christian Fellowship Trust v. Cilley*, 629 F.3d 1064 (9th Cir. 2010) (finding that when a complaint "includes a number of unsupported claims with respect to the intent of the [Defendants] . . . [s]uch averments do not amount to 'proof' . . . sufficient to establish likelihood of success for the purpose of surviving a special motion to strike'") (citation omitted).

### b. Plaintiffs Fail to Address Defendant's Submitted Evidence

Defendant satisfied its burden in establishing that Plaintiffs' suit arises out of Defendant's protected activity and, due to the insufficiency of the complaint and their failure to file an opposition,

Plaintiffs fail to meet their burden in demonstrating a probability of prevailing on their claims. *See* Cal. Code Civ. Pro. § 425.16(b)(1); *Aeroplate Corp*, 2006 WL 3257487, at *5.

Additionally, Defendant submits evidence in support of its motion and further contends that it contracted with an outside company, CCS Companies ("CCS") to pursue subrogation actions arising from Defendant's insurance claims and that CCS and its counsel decided to bring the underlying action. (Doc. 13, 5:20-6:4.) ) Defendant asserts that because the underlying lawsuit was brought by CCS and its attorney, Defendant is not vicariously liable for their actions and Plaintiffs are thus unable to show probable cause or malicious intent by Defendant. (Doc. 13, 10:7-13:10.) Plaintiffs fail to address Defendant's contentions as they have not filed an opposition.

Defendant's submitted evidence does not convert the standard of review of this motion from a Rule 12(b)(6) motion to dismiss standard to a Rule 56 motion for summary judgment standard, especially in light of the fact that discovery has not yet opened in this action. *See* Fed. R. Civ. P. 26(d). Further, Defendant does not assert that its motion should be considered under a Rule 56 standard.[4] However, Defendant's contentions further exemplify why the pleadings in Plaintiffs' complaint are inadequate and fail to allege sufficient facts.

As a general rule, Plaintiffs cannot maintain a claim for "malicious prosecution where defendants show 'that they have in good faith consulted a lawyer, have stated all the facts to him, have been advised by the lawyer that they have a good cause of action and have honestly acted upon the advice of the lawyer.'" *Fisher Tool Co., Inc. v. Gillet Outillage*, 530 F.3d 1063, 1066 (9th Cir. 2008) (citing *DeRosa v. Transamerica Title Ins. Co.*, 213 Cal. App. 3d 1390, 1397 (1989)); *see also Kennedy v. Byrum*, 201 Cal. App. 2d 474, 481 (1962) ("Reliance in good faith on the advice of counsel is a defense to an action for malicious prosecution, inasmuch as such defense shows probable cause.") (citations omitted).

Here, Defendant asserts that it relied entirely upon an outside agent and that agent's counsel, and that Defendant was not part of the decision-making process regarding the filing of the underlying lawsuit. (Doc. 13, 6:6-7:24.) Defendant submits the Declaration of Nancy Daveldek, a senior

---

[4] Although, as noted in footnote 2, Defendant failed to provide any federal authority regarding the standard of review for when a Section 425.16 motion is considered in federal court.

service adjuster who has been employed with Defendant for approximately ten years.  (Doc. 13, Daveldek Decl., p. 16, ¶ 1.)  Ms. Daveldek declares Defendant contracted with CCS "to, among other things, pursue subrogation actions arising from insurance claims."  (Doc. 13, Daveldek Decl., p. 16, ¶ 2.)  Ms. Daveldek states that, in the scope of her employment, she "has access to the Allstate-CCS contract," which stated that "CCS provided all staffing on [subrogation] claims from Allstate," and that "CCS was responsible for pursuing subrogation on these claims, including referring claims to attorneys when appropriate."  (Doc. 13, Daveldek Decl., p. 16, ¶ 3.)  While "CCS was to notify Allstate" before filing a suit, "CCS was not obligated to report to Allstate about the progress of the subrogation lawsuits that [CCS] pursued."   (Doc. 13, Daveldek Decl., p. 16, ¶ 3.)

Ms. Daveldek indicates that she reviewed the file regarding the underlying lawsuit against the current Plaintiffs and notes that:

> There are entries that state that this file was sent to CCS for subrogation, a few entries concerning checks written to CCS to reimburse for court costs incurred, and a few entries in 2005 concerning obtaining and transmitting to CCS a declaration by the insured relating to a default judgment.  There was no other communications noted in the diary between CCS and Allstate related to Allstate being updated as to the progress of the subrogation action from CCS, nor did Allstate have any information as to the decision to dismiss the subrogation action in November 2011 until it was told that the action was dismissed.

(Doc. 13, Daveldek Decl., p. 16, ¶ 5.)  Ms. Daveldek further declares that in November 2011, she "received an e-mail from CCS stating that a judgment that Allstate obtained in [the underlying] case had been vacated at the Garcias' request."   (Doc. 13, Daveldek Decl., p. 16, ¶ 4.)  Ms. Daveldek was informed by CCS that "the attorney assigned to this subrogation action would need to re-file suit, serve the Garcias again, and again seek a judgment, and that Allstate would need to pay the costs associated with filing suit a second time."  (Doc. 13, Daveldek Decl., p. 16, ¶ 4.)  Ms. Daveldek agreed that it would be acceptable for Allstate to incur the filing fee and court costs in re-filing the suit based on the amount of damages for the subrogation claim; Ms. Daveldek further declares that "[a]t the time that [she] made the recommendation, [she] did not have any further information about this subrogation lawsuit against Mr. and Mrs. Garcia."   (Doc. 13, Daveldek Decl., p. 16, ¶ 4.)

Ms. Daveldek sets forth that CCS' attorney, Gary Rosenberg, "did not report to Allstate at all during the pendency of the subrogation action against Mr. and Mrs. Garcia or after the dismissal

of that lawsuit, nor was he expected to do so. This is because under the CCS contract, CCS had authority to hire attorneys to prosecute the subrogation action, and the attorney hired was not required to report to Allstate." (Doc. 13, Daveldek Decl., p. 16, ¶ 5.)

Defendant contends that since Plaintiffs have named Allstate as the Defendant in this action, Plaintiffs must show Allstate's state of mind in pursuing the subrogation claim. (Doc. 13, 11:26-12:3, 12:16-13:10.) However, Allstate asserts that it contractually ceded control of its subrogation claim to CCS and CCS' counsel, who are not named in the instant suit, and CCS and CCS' counsel were responsible for filing and pursuing the underlying suit. As such, Allstate contends that Plaintiffs cannot show that Allstate had the requisite state of mind to support either the probable cause or malice prongs of Plaintiffs' malicious prosecution claim, since CCS and CCS' counsel controlled the actions regarding the underlying suit, not Allstate. (Doc. 13, 11:26-12:3, 12:16-13:10.) *See Jacques Interiors v. Petrak*, 188 Cal. App. 3d 1363, 1370 (1987) (finding that for a malicious prosecution suit, the court must determine the defendant's state of mind and cannot base the claim upon the state of mind of additional entities not named in the suit).

By failing to file an opposition, Plaintiffs failed to oppose Defendant's argument or address its evidence. The Court recognizes that in federal court, unlike state court, Plaintiffs would be allowed to conduct discovery related to an anti-SLAPP motion if there are facts in dispute. *See Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (holding that "[b]ecause the discovery-limiting aspects of § 425.16(f) and (g) collide with the discovery-allowing aspects of Rule 56, these aspects of subsections (f) and (g) cannot apply in federal court") (citing *Rogers.*, 57 F. Supp. 2d at 982-83); *see also Aeroplate Corp*, 2006 WL 3257487, at *5. Plaintiffs, however, do not assert that discovery would potentially allow them to dispute Defendant's contentions regarding its state of mind. Plaintiffs make no argument because they failed to file an opposition. Further, the pleadings in Plaintiffs' complaint fail to allege sufficient facts regarding Defendant's state of mind to support a malicious prosecution claim.

Defendant met its burden under Section 425.16(b) to show that Plaintiff's complaint arises under a protected activity, namely an underlying lawsuit. The burden shifted to Plaintiff to demonstrate the likelihood of prevailing on their claim. Cal. Civ. Code. Pro. 425.16(b). As such,

Plaintiffs were required to, at a minimum, address Defendant's contentions and "proffer a prima facie showing of facts supporting a judgment in the plaintiff[s'] favor." *Chavez*, 94 Cal. App. 4th at 1087. Plaintiffs failed to meet their burden because their pleading is insufficient and they failed to oppose the motion.

Accordingly, the Court RECOMMENDS that Defendant's anti-SLAPP motion be GRANTED to the extent that, as discussed below, Plaintiff's claim be dismissed without prejudice and with leave to amend.

### 3. Plaintiffs Should Be Granted Leave to Amend Their Complaint

California state courts require that leave to amend be denied if an anti-SLAPP motion is granted. *See Schaffer v. City & Cnty. of S.F.*, 168 Cal. App. 4th 992, 1005 (2008) (A plaintiff "cannot escape the anti-SLAPP procedures by simply amending her complaint") (citation omitted); *Simmons v. Allstate Ins. Co.*, 92 Cal. App. 4th 1068, 1073-74 (2001) ("Allowing a SLAPP plaintiff leave to amend the complaint once the court finds the prima facie showing has been met [by defendant] would completely undermine the statute by providing the pleader a ready escape from section 425.16's quick dismissal remedy.").

However, Defendant removed this action from state court to this Court and, as such, the motion is being determined under federal rules. The Ninth Circuit has concluded that an automatic denial of a plaintiff's right to amend an initial complaint is in "direct collusion" with the Federal Rules of Civil Procedure. *Verizon Del., Inc. v. Covad Commc'ns Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004). "[G]ranting a defendant's anti-SLAPP motion to strike a plaintiff's initial complaint without granting the plaintiff leave to amend would directly collide with Fed. R. Civ. P. 15(a)'s policy favoring liberal amendment." *Id*. The Ninth Circuit further found that "the purpose of the anti-SLAPP statute, the early dismissal of meritless claims, would still be served if plaintiffs eliminated the offending claims from their original complaint. If the offending claims remain in the first amended complaint, the anti-SLAPP remedies remain available to defendants." *Id*.; *see also Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010) (discussing that the defendant's anti-SLAPP motion of the plaintiff's initial complaint had been unopposed, and that the

court granted the motion but also provided the plaintiff an opportunity to file an amended complaint).

Here, as this is Plaintiffs' initial complaint, the Ninth Circuit requires that Plaintiffs be given leave to amend their complaint. *Verizon*, 377 F.3d at 1091. Accordingly, the Court RECOMMENDS that Plaintiffs' complaint be DISMISSED without prejudice and that Plaintiffs' be GRANTED leave to file an amended complaint.

### 4. Defendant's Request for Attorney's Fees Should Be Denied

Defendant requests attorney's fees in the amount of $4,680. (Doc. 13, 13:12-18; 20:22-21:2.) Section 425.16(c)(1) provides that "a prevailing defendant on a special motion to strike shall be entitled to recover . . . attorney's fees and costs." This provision is applied in federal court. "[D]efendants sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon*, 377 F.3d at 1091. A question arises, however, of whether Defendant is the prevailing party on its motion to strike Plaintiffs' *initial* complaint in light of the fact that Plaintiffs' must be provided an opportunity to file an amended complaint. *See Brown*, 722 F. Supp. 2d at 1155.

The award of attorney's fees to a prevailing defendant is mandatory, *see Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001), and the concept of what renders a litigant a prevailing party is to be broadly construed. *See* Cal. Code Civ. Proc. § 425.16(a); *see also Lin v. City of Pleasanton*, 176 Cal. App. 4th 408, 425-26 (2009) ("The term 'prevailing party' must be interpreted broadly to favor an award of attorney fees to a partially successful defendant.") (citations omitted). California courts have recognized, however, that there are limits to such a designation of a prevailing party, including that a party is not considered to have "prevailed" where "the *results* of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006) (emphasis added); *see also Moran v. Endres*, 135 Cal. App. 4th 952, 956 (2006) ("[W]hen a defendant cannot in any realistic sense be said to have been successful [on an anti-SLAPP motion], fees need not be awarded."). "The crucial question is one of practicality; did anything of substance (technical victories notwithstanding) change

17

in the posture of the case and the claims being lodged against the defendant after it brought the special motion to strike than were in existence beforehand." *Brown*, 722 F. Supp. 2d at 1155.

In *Brown*, the court considered whether the defendant was entitled to attorney's fees after its unopposed anti-SLAPP motion of the plaintiff's initial complaint was granted and plaintiff was provided with an opportunity to file an amended complaint. *Id*. at 1155-57. The defendant asserted that its motion to strike was successful against all the plaintiff's claims. *Id*. at 1156. The court found that the defendant's "'success' however, was relative. True, [the defendant] had its motion to strike all of the claims 'granted,' but at the same time, the Court's Order negated the import of that decision by allowing [the plaintiff] the chance to re-allege all of those same claims against [the defendant]." *Id*. The court noted that the plaintiff had, in fact, filed an amended complaint and, as such, "the posture of the case changed hardly at all following the resolution of [defendant's] first motion to strike." *Id*. Accordingly, the defendant obtained only a "technical" victory that did not warrant an award of attorney's fees. *Id*. at 1156-57.

Further, the *Brown* court noted that a Ninth Circuit case, *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir.2009), reviewed the position that the Ninth Circuit set forth in *Verizon* and determined "that 'a *first amended complaint*' remained 'subject to anti-SLAPP remedies,' including the provisions of fees and costs." *Id.* at 1157; *see also Gardner*, 563 F.3d at 991 ("Appellants had already filed the first amended complaint as a matter of right and *Verizon* specifically held that a *first amended complaint is subject to anti-SLAPP remedies*.") (citing *Verizon*, 377 F.3d at 1091) (emphasis added). As such, the *Brown* court concluded that anti-SLAPP remedies such as attorney's fees were not available when the anti-SLAPP motion was brought against the plaintiff's initial complaint. *Id*.

Since Defendant's anti-SLAPP motion is being considered in federal court, and since the Ninth Circuit requires that Plaintiffs be given an opportunity to amend their complaint, *see Verizon*, 377 F.3d at 1091*,* granting of Defendant's motion is considered a "technical" victory that does not warrant an award of attorney's fees to Defendant as the prevailing party. *See Brown*, 722 F. Supp.

2d at 1156-57. Accordingly, the Court RECOMMENDS that Defendant's request for attorney's fees be DENIED.[5]

### IV.  CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1.   Defendant's anti-SLAPP motion be GRANTED IN PART and DENIED IN PART;

2.   Plaintiffs complaint be DISMISSED without prejudice and Plaintiffs be GRANTED twenty-one (21) days leave to file an amended complaint; and

3.   Defendant's request for an award of attorney's fees be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

///
///
///
///

---

[5] Even if the Court was able to recommend an award of attorney's fees, the information provided by Defendant was inadequate. The burden of establishing entitlement to an attorneys' fee award lies solely with the claimant. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). "[T]he burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984); *see also Schwarz v. Secy. of Health and Human Servs.*, 73 F.3d 895, 908 (9th Cir.1995). As such, Defendant was required to establish that the requested rates are reasonable in the Eastern District of California, Fresno area. *See Davis v. Mason County*, 927 F.2d 1473, 1488 (9th Cir. 1991) ("Generally, the relevant community is one in which the district court sits."); *see also Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000). Defendant submits the Declaration of Anna L. Birenbaum, who merely set forth her firm's billable rate and the number of hours she worked. (*See* Doc. 13, Birenbaum Decl., pp. 20-21, ¶ 3.) This information is not adequate. *See Beauford v. E.W.H. Grp. Inc.*, No. 1:09-cv-00066-AWI-SMS, 2009 WL 3162249, at *6 (E.D. Cal. Sept. 29, 2009) (denying attorney's fee request because the party did not produce evidence of hourly rates prevailing in the relevant community).

waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    September 17, 2012**              /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE