IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EFRAIN GARCIA and OFELIA GARCIA,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALLSTATE INSURANCE,<br><br>    Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 1:12-CV-1762 AWI SKO<br><br>**ORDER VACATING HEARING, ORDER ON MOTION TO DISMISS, AND ORDER REFERRING OTHER MATTER TO THE MAGISTRATE JUDGE**<br><br>(Doc. No. 10) |

Currently pending before the Court is Defendant's motion to dismiss. Hearing on this matter is set for December 17, 2012. The Court has reviewed the submissions of the parties and determined that oral argument is unnecessary. See Local Rule 230(h). The Court will vacate the December 17, 2012, hearing and instead issue this order.

**BACKGROUND**

On April 17, 2012, Defendant removed a lawsuit that had been filed by Plaintiffs in the Tulare County Superior Court. That case was assigned the following case number in this Court: 1:12-cv-609 AWI SKO (hereinafter "*Garcia I*"). The complaint in that case alleged a single cause of action for malicious prosecution. See *Garcia I* Doc. No. 1. Plaintiffs alleged that Defendant had wrongfully instituted a subrogation lawsuit against them in October 2004. See id. Defendant dismissed the subrogation lawsuit in November 2011. See id. Plaintiffs alleged that

the subrogation lawsuit was brought without probable cause. See id. Plaintiffs alleged that DMV records clearly showed that Plaintiffs were not the owner of the motor vehicle that was involved in the subject accident, and that Defendant continued to prosecute the case even after Plaintiffs repeatedly asserted that they did not own the automobile and had urged Defendant to dismiss. See id. Plaintiffs sought punitive damages and about $300,000 in compensatory damages. See id.

On June 21, 2012, Defendant filed an Anti-SLAPP motion in *Garcia I*. See id. at Doc. No. 13. Plaintiffs did not file an opposition.

On September 18, 2012, the Magistrate Judge issued a Findings and Recommendation ("F&R") in *Garcia I* that recommended granting the Anti-SLAPP motion, but without prejudice to amending the complaint. See id. at Doc. No. 16. Plaintiffs did not object to the F&R.

On October 17, 2012, the Court adopted the F&R, and granted Plaintiffs 21 days to file an amended complaint. See id. at Doc. No. 18.

On October 29, 2012, Defendant removed the instant case from the Tulare County Superior Court. This case was assigned a case number 1:12-cv-1762 AWI SKO (hereinafter "*Garcia II*"). The parties in *Garcia I* and *Garcia II* are identical. The Complaint in *Garcia II* is on a pre-printed state court form. See *Garcia II* Doc. No. 1. Under Section 10 of the preprinted complaint, the box for "general negligence" is checked. See id. However, the title of the first (and only) cause of action is identified as "Intentional Tort." See id. The first cause of action alleges, "Defendant Allstate Insurance Company filed a lawsuit against [Plaintiffs] with full knowledge that the Plaintiffs were not liable for the damages caused to their insured . . ., who was involved in an auto accident on 01/04/2003 on Manning Avenue at Hill Avenue." Id. Plaintiffs also seek punitive damages. See id.

On November 5, 2012, Defendant filed a motion to dismiss in *Garcia II*. See id. at Doc. No. 10. The basis of the motion is that *Garcia II* is duplicative of *Garcia I*. See id.

On November 21, 2012, the Court closed *Garcia I* because Plaintiffs did not file an amended complaint. See *Garcia I* Docket Doc. No. 20. Judgment in *Garcia I* was also entered on November 21. See id. at Doc. No. 21.

On December 3, 2012, Defendant's counsel moved for attorney's fees. See id. at Doc. No. 22. Hearing on the motion for attorney's fees is currently set for January 22, 2013.

On December 6, 2012, Plaintiffs filed their opposition to the motion to dismiss in *Garcia II*. See *Garcia II* Doc. No. 12. On December 10, 2012, Defendant filed its reply. See id. at Doc. No. 13.

**I.   Motion To Dismiss**

*Defendant's Argument*

Defendant argues that this case should be dismissed as duplicative of *Garcia I*. Defendant argues that the Complaints in *Garcia I* and *Garcia II* are based on the same issue and essentially seek the same relief. Further, *Garcia II* appears to be an attempt to avoid an unfavorable ruling because the Anti-SLAPP motion in *Garcia I* was unopposed and ultimately granted. Defendant requests dismissal with prejudice.

*Plaintiffs' Opposition*

Plaintiffs do not address whether *Garcia II* is duplicative of *Garcia I*.

*Legal Standard*

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2006). In determining whether a second lawsuit is duplicative, courts examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." Id. at 689. Whether causes of action are the same depends on the transaction test – "[w]hether the events are part of the same transaction or series depends on whether they are related to the same set of acts and whether they could conveniently be tried together." Id. When a lawsuit is improperly duplicative of a previously filed case, the court has the discretion to dismiss the later filed case with or without prejudice, to stay or enjoin the later filed case, or to consolidate the two cases. Id. at 692.

*Discussion*

A review of the Complaints in *Garcia I* and *Garcia II* indicates that the two lawsuits are impermissibly duplicative. The parties are identical in both cases. The Plaintiffs seek punitive

damages and just over $300,000 in compensatory damages from Defendant in both cases. Finally, the causes of action are the same. It is true that *Garcia I* alleged only a malicious prosecution claim, and the precise cause of action in *Garcia II* is unclear. Nevertheless, the two cases appear to infringe on the same rights of Plaintiffs, it appears that substantially the same evidence would be used in the both cases, it appears that rights established in one case would impair or destroy rights in the other, and the two cases share the same nucleus of facts. This is because both cases are based on Defendant wrongfully maintaining a subrogation lawsuit against Plaintiffs despite knowing/being told that Plaintiffs did not own the car that injured Defendant's insured. Cf. *Garcia I* Docket Doc. No. 1 with *Garcia II* Docket Doc. No. 1. Thus, *Garcia I* and *Garcia II* are duplicative. See Adams, 487 F.3d at 988-92.

Given the considerable work that has occurred already in *Garcia I*, and the fact that there is a pending motion in that case, the Court sees no utility in maintaining this case. The Court will dismiss and close *Garcia II*.

## II.     **Further Proceedings in *Garcia I***

Plaintiffs' opposition is essentially a request to amend their complaint. Plaintiffs explain that, on June 6, 2012, they received a letter from their attorney concerning a settlement offer by Defendant. See Opposition Ex. A. Plaintiffs rejected the settlement offer. On June 28, 2012, Plaintiffs attorney sent Plaintiffs a letter regarding Plaintiffs' desire to seek another attorney, and included a substitution of attorney form with the letter. See Opposition Ex. B.[1] Plaintiffs signed the substitution form on July 6, 2012, and their counsel signed the form on July 9, 2012. See Opposition Ex. C. Plaintiffs state that they relied on their attorney to file the substitution form and assumed that the substitution had the effect of dismissing *Garcia I*. As a result, they filed *Garcia II* in state court. However, it was not until November 2012, that Plaintiffs learned that *Garcia I* was still proceeding and was about to be dismissed. Plaintiffs state that they contacted their attorney, but the attorney said that he had not been receiving notices regarding the

---

[1] Plaintiffs' attorney also indicated that he was having significant difficulty reaching and communicating with Plaintiffs. See Opposition Exs. A, B.

proceedings in *Garcia I* and that he had not filed the substitution of attorney form because the federal court required a different form. Plaintiffs also state that they did not know that *Garcia I* had been removed to federal court, and that after they signed the substitution of counsel form, their attorney did not contact them. Plaintiffs state that, due to their counsel's failure to notify them, they were unable to prevent the dismissal of *Garcia I*.

Rules 59 and 60 permit a court to alter, amend, or grant relief from a judgment. See Fed. Rs. Civ. Pro. 59(e), 60(b); School Dist. No. 1J v. ACand S, Inc., 5 F.3d 1255, 1262-63 (9th Cir. 1993). The Ninth Circuit has held that district courts may raise a Rule 60(b) motion *sua sponte*. See Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999); see also Judgson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 317, 385-86 (7th Cir. 2008) (and cases cited therein). Other courts have recognized that district courts may raise a Rule 59(e) motion *sua sponte*. See Burnham v. Amoco Container Co., 738 F.2d 1230, 1232 (11th Cir. 1984); Daniels v. Milwaukee Bd. of Sch. Dirs., 2012 U.S. Dist. LEXIS 164154, *1 (E.D Wis. Nov. 16, 2012); Bryant v. New Jersey DOT, 998 F.Supp. 438, 442 (D. N.J. 1998). One ground for granting relief from a judgment is when a party is abandoned by his attorney. See, e.g., Moore v. United States, 262 Fed. Appx. 828, 829 (9th Cir. 2008); Community Dental Servs. v. Tani, 282 F.3d 1164, 1170 (9th Cir. 2002); Crutcher v. Aetna Life Ins. Co., 746 F.2d 1076, 1083 (5th Cir. 1984); Slama v. City of Madera, 2011 U.S. Dist. LEXIS 93378 (E.D. Cal. Aug. 21, 2011).

In this case, Plaintiffs' opposition suggests that they were abandoned by their attorney during *Garcia I*. Plaintiffs' opposition indicates that they were never properly informed about the consequences of filing a substitution of attorney, that the substitution was not filed, or that *Garcia I* had been removed. The opposition also suggests that Plaintiffs did not know about either the Anti-SLAPP motion or the 21 day deadline for filing an amended complaint. Given the representations made by Plaintiffs, further proceedings are warranted and possible relief may be justified. The Court will order that Plaintiffs' opposition in this case be filed in *Garcia I*, and will refer that matter to the Magistrate Judge to determine whether Rule 59 and /or Rule 60 relief is appropriate based on attorney abandonment.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The December 17, 2012, hearing date is VACATED;
2. Defendant's motion to dismiss is GRANTED;
3. This case is DISMISSED without prejudice, but without leave to amend;
4. The Clerk shall CLOSE this case;
5. In Case No. 1:12-cv-609 AWI SKO, the Clerk shall file a copy of Plaintiffs' opposition/response (Doc. No. 12 in 1:12-cv-1762 AWI SKO) and entitle that document "motion for relief";
6. The newly filed "motion for relief" in Case No. 1:12-cv-609 AWI SKO is REFERRED to Magistrate Judge Oberto to conduct further proceedings consistent with this order and to issue a Findings and Recommendation on whether some relief from the judgment in Case No. 1:12-cv-609 AWI SKO is warranted;
7. The Clerk shall file a copy of this order in Case No. 1:12-cv-609 AWI SKO; and
8. The Clerk shall mail a copy of the September 18, 2012 Findings and Recommendation (Doc. No. 16 in 1:12-cv-609 AWI SKO) to Plaintiffs.

IT IS SO ORDERED.

Dated:   December 12, 2012

UNITED STATES DISTRICT JUDGE