1
2
3
4

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN GARCIA, et al.       ) | Case No. 1:12-cv-00609-AWI-SKO |
|             Plaintiffs,   ) | |
|       vs.                   ) | **FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' MOTION FOR RELIEF BE GRANTED AND THE CASE BE REOPENED** |
| ALLSTATE INSURANCE,        ) | |
|             Defendant.   ) | (Docket No. 24) |
|                             ) | **OBJECTIONS DUE: 21 days** |
| _____ ) | |

## I.  INTRODUCTION

This Court must determine whether to recommend that judgment in the case of *Garcia, et al. v. Allstate Insurance*, case no. 1:12-cv-00609-AWI-SKO ("*Garcia I*") be set aside and the case reopened.

On December 6, 2012, Plaintiffs Efrain Garcia and Ofelia Garcia ("Plaintiffs") filed a response to Defendant Allstate Insurance's ("Defendant") Motion to Dismiss in related case *Garcia, et al. v. Allstate Insurance*, case no. 1:12-cv-01762-AWI-SKO ("*Garcia II*").  On December 13, 2012, District Judge Anthony W. Ishii issued an order construing Plaintiffs' response as a Motion for Relief in this action, *Garcia I*, and referring the matter to Magistrate Judge Sheila K. Oberto to issue Findings and Recommendations on whether relief from judgment is warranted.  (Doc. 25.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiffs' Motion for Relief be granted, that judgment in *Garcia I* be set aside, and that Plaintiffs' be permitted to file a first amended complaint.

## II.   BACKGROUND

On March 14, 2012, Plaintiffs, represented by attorney Joseph Todd Armas ("Armas"), filed a lawsuit in Tulare County Superior Court against Defendant alleging a single cause of action for malicious prosecution. (*Garcia I*, Doc. 1, pp. 5-7.)   On April 17, 2012, Defendant removed the *Garcia I* action to this Court. (*Garcia I*, Doc. 1.)  Plaintiffs' complaint alleged that in October 2004, Defendant instituted a wrongful subrogation lawsuit against Plaintiffs, which Defendant dismissed in November 2011. (*Garcia I*, Doc. 1, pp. 5-7.)  Plaintiffs' complaint states in relevant part:

> Defendant[] acted without probable cause in bringing the [prior action in] that they did not honestly and reasonabl[y] believe that there were grounds for the action because DMV [Department of Motor Vehicle] records clearly showed that Plaintiffs were not the owners of the vehicle that Defendant was seeking subrogation for. Defendant[,] furthermore, continued to prosecute the action even after Plaintiffs asserted this fact.

(*Garcia I*, Doc. 1, p. 6, ¶ 7.) Plaintiffs allege that Defendant "acted maliciously" in bringing the prior suit due to Defendant's refusal to "dismiss the [prior] lawsuit against Plaintiffs even after Plaintiffs on numerous attempts communicated that they did not own the subject vehicle, and showed sufficient proof of this." (*Garcia I*, Doc. 1, p. 6, ¶ 8.)

On June 21, 2012, Defendant filed a motion pursuant to California's anti-Strategic Lawsuits Against Public Participation ("anti-SLAPP") statute, California Code of Civil Procedure Section 425.16. (*Garcia I*, Doc. 13.)  Plaintiffs, represented by attorney Armas, did not file an opposition.

On August 17, 2012, Plaintiffs, representing themselves *pro se*, filed another action in Tulare County Superior Court against Defendant. (*Garcia II*, Doc. 1, pp. 5-14.)  The parties are identical to those in *Garcia I*.  The complaint in *Garcia II* is on a pre-printed state court form and, while the box for "general negligence" is checked, the title of the first (and only) cause of action is for "Intentional Tort"; Plaintiffs allege that "Defendant Allstate Insurance Company filed a lawsuit against Plaintiffs . . .  with full knowledge that Plaintiffs were not liable for the damage caused to their insured . . . who was involved in an auto accident . . . ." (*Garcia II*, Doc. 1, pp. 10, 11.)

On September 18, 2012, Magistrate Judge Oberto issued Findings and Recommendations ("F&R") in *Garcia I* that Defendant's anti-SLAPP motion be granted without prejudice to Plaintiffs' ability to amend the complaint. (*Garcia I*, Doc. 16.)  No objections to the F&R were filed, and on

1   October 17, 2012, District Judge Ishii issued an order adopting the F&R and allowing Plaintiffs 21

2   days to file an amended complaint. (*Garcia I*, Doc. 18.)

3        On October 29, 2012, Defendant removed *Garcia II*, Plaintiffs' *pro se* action, to this Court,

4   asserting that it was related to *Garcia I*. (*Garcia II*, Doc. 1, 2:10-20.) On November 5, 2012,

5   Defendant filed a Motion to Dismiss in *Garcia II* contending that *Garcia II* was duplicative of

6   *Garcia I*. (*Garcia II*, Doc. 10.)

7        On November 21, 2012, the Court closed *Garcia I* and entered judgment in favor of

8   Defendant due to Plaintiffs' failure to file an amended complaint. (*Garcia I*, Docs. 20, 21.) Plaintiffs

9   were still represented by attorney Armas in *Garcia I* at the time the case was closed, as Armas had

10  neither filed a request for substitution of counsel nor sought to withdraw from representation. (*See*

11  *generally Garcia I* docket.)

12       On December 3, 2012, Defendant filed a Motion for Attorney's Fees in *Garcia I*. (*Garcia I*,

13  Doc. 22.) On December 6, 2012, Plaintiffs filed their opposition to Defendant's Motion to Dismiss

14  in *Garcia II*, and on December 10, 2012, Defendant filed its reply. (*Garcia II*, Docs. 12, 13.)

15       On December 13, 2012, District Judge Ishii issued an order in *Garcia II* (Doc. 16 (also

16  docketed in *Garcia I* as Doc. 25)), finding that the complaints in *Garcia I* and *Garcia II* were

17  impermissibly duplicative with identical parties. (*Garcia II*, Doc. 16, 3:27-28.) The order noted that

18  *Garcia I* alleged a malicious prosecution claim and, while the precise cause of action in

19  *Garcia II* was not clear, "[n]evertheless, the two cases appear to infringe on the same rights of

20  Plaintiffs[;] it appears that substantially the same evidence would be used in . . . both cases, it

21  appears that the rights established in one case would impair or destroy the rights in the other, and the

22  two cases share the same nucleus of facts." (*Garcia II*, Doc. 16, 4:3-6.) Accordingly, the Court

23  dismissed *Garcia II*, noting that "[g]iven the considerable work that has already occurred in *Garcia I*,

24  and the fact there is a pending motion in that case, the Court sees no utility in maintaining

25  [*Garcia II*]." (*Garcia II*, Doc. 16, 4:11-13.)

26       The Court also ordered further proceedings in *Garcia I*, finding that "Plaintiffs' opposition

27  [to the Motion to Dismiss in *Garcia II*] suggests that they were abandoned by their attorney in

28  *Garcia I*. Plaintiffs' opposition indicates that they were never properly informed about the

consequences of filing a substitution of attorney, that the substitution was never filed, or that *Garcia I* had been removed." (*Garcia II*, Doc. 16, 5:20-23.) Further, it appeared that Plaintiffs were not aware of Defendant's anti-SLAPP motion or the 21-day deadline to file an amended complaint. (*Garcia II*, Doc. 16, 5:23-24.)  As such, District Judge Ishii found that further proceedings were warranted and that possible relief may be justified. (*Garcia II*, Doc. 16, 5:24-28.) The Court ordered that Plaintiffs' opposition to the Motion to Dismiss in *Garcia II* be filed as a Motion for Relief in *Garcia I*, and referred the matter to Magistrate Judge Oberto to issue findings and recommendations on whether relief from judgment is appropriate due to attorney abandonment under Rules 59 and/or 60 of the Federal Rules of Civil Procedure. (*Garcia II*, Doc. 16, 6:10-13.)

On December 14, 2012, District Judge Ishii denied without prejudice Defendant's Motion for Attorney's Fees in *Garcia I* pending the resolution of Plaintiffs' Motion for Relief.  (*Garcia I*, Doc. 26.)

On December 20, 2012, Plaintiffs filed a "Letter to the Court" setting forth issues they had encountered with attorney Armas.  The Court notes that Armas neither filed a substitution of counsel form nor a motion seeking to withdraw as counsel, and is thus still attorney of record for Plaintiffs in *Garcia I*.

## III.  DISCUSSION

District Judge Ishii directed the Magistrate Judge to consider whether Plaintiffs should be granted relief pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, which permit a court to alter, amend, or grant relief from judgment. (*Garcia II*, Doc. 16, 5:6-8 (citing Fed. Rs. Civ. Pro. 59(e), 60(b); *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993)). District Judge Ishii's order indicated that "Plaintiffs' opposition suggests that they were abandoned by their attorney during *Garcia I*." (*Garcia II*, Doc. 16, 5:20-21.)

**A.    Legal Standard**

Federal Rule of Civil Procedure 59(e) allows parties to file a motion to alter or amend judgment within 28 days after the entry of judgment.  *See* Fed. R. Civ. P. 59(e).  A motion to alter or amend the judgment under Rule 59(e) may be granted where "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial

4

1   decision that was manifestly unjust, or (3) there is an intervening change in controlling law."

2   *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir.2001). However, a Rule 59(e) motion

3   is not an opportunity for parties to "raise arguments or present evidence for the first time when they

4   could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*,

5   229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) is an "extraordinary remedy, to be used sparingly in

6   the interests of finality and conservation of judicial resources." *Id*. A judgment is not properly

7   reopened "absent highly unusual circumstances." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.

8   2001); *see also Weeks v. Fresh-Pic Produce Co., Inc.*, No. 08CV02058 BTM WVG, 2013 WL

9   990827, at *3 (S.D. Cal. Mar. 12, 2013); *United States v. Uptergrove*, No. 1:06-CV-01630-AWI-

10  GSA, 2009 WL 840607, at *5 (E.D. Cal. Mar. 26, 2009) objections overruled, 1:06-CV-01630-AWI-

11  GSA, 2009 WL 1156506 (E.D. Cal. Apr. 29, 2009).

12      Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final

13  judgment, order, or proceeding based on: (1) mistake, inadvertence, surprise, or excusable neglect;

14  (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged

15  judgment; or (6) "extraordinary circumstances" which would justify relief. Fed. R. Civ. Pro. 60(b);

16  *Sch. Dist. No. 1J*, 5 F.3d at 1263; *Uptergrove*, 2009 WL 840607, at *5. A motion filed under Rule

17  60(b) allows for relief from a judgment or order and "must be made within a reasonable time – and

18  for reasons  (1), (2), and (3) no more than a year after the entry of the judgment or order or the date

19  of the proceeding." Fed. R. Civ. P. 60(c)(1).

20      District courts may raise Rule 59(e) and Rule 60(b) motions *sua sponte*. (*See  Garcia II*,

21  Doc. 16, 5:8-19 (and cases cited within).)

22  **B.    Analysis**

23      **1.    Timing of Motion**

24      The Court entered its ruling closing *Garcia I* on November 21, 2012, and judgment was

25  entered in favor of Defendant. (*Garcia I*, Docs. 20, 21.) Plaintiffs' opposition to Defendant's Motion

26  to Dismiss in *Garcia II* was filed on December 6, 2012, which was construed by the Court as a

27  Motion for Relief. (*See Garcia II*, Docs. 12, 16; *Garcia I*, Doc. 24.) Rule 59(e) requires that a

28  motion to alter or amend judgment be filed no later than 28 days after entry of judgment, and Rule

60(b) requires that a motion for relief from judgment be filed within "a reasonable time frame" and, for specific requests, no more than one year after the entry of judgment. *See* Rules 59(e); 60(c)(1). As there were 15 days between the date judgement was entered in *Garcia I* and Plaintiffs' opposition to the Motion to Dismiss was filed in *Garcia II*, Plaintiffs' Motion for Relief is timely.

### 2.   Analysis

Defendant's Motion to Dismiss in *Garcia II* sought dismissal of Plaintiffs' complaint because it was duplicative of *Garcia I*, which was dismissed due to Plaintiffs failure to file an amended complaint after Defendant's anti-SLAPP motion was granted. (*Garcia II*, Doc. 10.) Plaintiffs' Motion for Relief contends that their counsel in *Garcia I* never informed Plaintiffs that the case had been removed to federal court, never filed the substitution of counsel form signed by Plaintiffs, never informed them of the ruling on Defendant's anti-SLAPP motion, and never informed them of the need to file an amended complaint in *Garcia I*. (*Garcia I*, Doc. 24.)

Rule 59(e)(2) allows the district court to alter or amend the judgment when it "made an initial decision that was manifestly unjust," and Rule 60(b)(6) is a catch-all provision that allows a court to grant relief from a final judgment, order, or proceeding for "any other reason that justifies relief." These rules should be used sparingly as an equitable remedy to prevent manifest injustice and utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006); *Kona Enterprises, Inc.*, 229 F.3d at 890. "[A] motion under either provision [Rule 59(e) or Rule 60(b)] asks the court to set aside a judgment, and indeed, parties often cite to both provisions in moving for reconsideration of a court's judgment." *Fresh-Pic Produce*, 2013 WL 990827, at *3. A party who moves for such relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion." *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (citation omitted).

### a.   An Attorney's Gross Negligence Justifies Relief From Judgment

Generally, "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 396 (1993). As noted by the United States Supreme Court:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'

*Link v. Wabash R.R. Co.,* 370 U.S. 626, 633-34 (1962).

As such, "[b]ecause the client is presumed to have voluntarily chosen the lawyer as his representative and agent, he ordinarily cannot later avoid accountability for negligent acts or omissions of his counsel." *Tani*, 282 F.3d at 1168 (citing *Link*, 370 U.S. at 633-34; *Pioneer,* 507 U.S. at 396-97.)  However, "[t]he circuits that have distinguished negligence from gross negligence in the present context have granted relief to the client where the . . . judgment was a result of his counsel's displaying 'neglect so gross that it is inexcusable.'" *Tani*, 282 F.3d at 1168 (citations omitted).  The Ninth Circuit "join[ed] the Third, Sixth and Federal Circuits in holding that where the client has demonstrated gross negligence on the part of his counsel, a default judgment may be set aside pursuant to Rule 60(b)(6)." *Id*. at 1169.

In *Tani*, the Ninth Circuit set aside a default judgment after finding that a defense attorney committed gross negligence by failing to participate in preliminary settlement discussions despite a court order to do so, failing to file papers, failing to oppose a motion to strike the answer, and failing to attend hearings, while "explicitly represent[ing]" to his client that "the case was proceeding properly." *Id*. at 1171.  As the court noted:

> Such failures and actions cannot be characterized as simple attorney error or "mere 'neglect.'"  Rather, conduct on the part of a client's alleged representative that results in the client's receiving practically no representation at all clearly constitutes gross negligence, and vitiating the agency relationship that underlies our general policy of attributing to the client the acts of his attorney.

*Id*. (citations omitted).

Initially, it appeared that the ruling in *Tani* was limited in application to relief from default judgments.  In *Latshaw*, the Ninth Circuit declined to extend the holding of *Tani* to the context of a Federal Rule of Civil Procedure 68 judgment, stating, "[o]ur decision in *Tani* was explicitly premised upon the default judgment context of the case." *Latshaw*, 452 F.3d at 1103.  The court

distinguished a Rule 68 judgment and a default judgment and found that "[d]efault judgments are disfavored and appropriate only in unique circumstances. Rule 68 offers and acceptances, however, are actively supported by courts.  Indeed, the very purpose of Rule 68 is to encourage termination of litigation." *Id*.  As a result of this difference, the Ninth Circuit "decline[d] to extend the holding of *Tani* to the context of Rule 68 judgments and therefore conclude[d] that [the attorney's] alleged gross negligence does not provide grounds to vacate the judgment under Rule 60(b)(6)." *Id*. at 1103-04.

However, in *Lal v. California*, 610 F.3d 518, 524-27 (9th Cir. 2010), the Ninth Circuit extended the holding in *Tani* and granted relief under Rule 60(b)(6) from a Federal Rule of Civil Procedure 41(b) dismissal for failure to prosecute.  In *Lal*, the court found that the attorney's conduct "constituted gross negligence" by failing to obey court orders to contact the client regarding preliminary settlement discussions, failing to participate in the case management conference, failing to meet and confer, failing to attend hearings, and lying to the client.  *Id*. at 525.

In ordering that the dismissal be set aside, the Ninth Circuit determined the following:

> A dismissal for failure to prosecute under Rule 41(b) is much more like a default judgment than a Rule 68 judgment. We based our decision in *Tani* on "the well-established policy considerations we have recognized as underlying default judgments and Rule 60(b)." The same policy considerations underlie dismissal for failure to prosecute. We have stated that dismissal under Rule 41(b) "is so harsh a penalty it should be imposed as a sanction only in extreme circumstances." This is almost identical to our stance on default judgments, which are "appropriate only in extreme circumstances."

*Id*. (citations omitted).

As such, the court considered the harsh policy implications of both default judgments and Rule 41(b) dismissals for failure to prosecute, finding that judgments arising under these circumstances could be properly set aside pursuant to Rule 60(b)(6) due to an attorney's gross negligence.

While published Ninth Circuit cases have held that setting aside judgment for an attorney's gross negligence is warranted in cases of default judgment and dismissal due to failure to prosecute, unpublished Ninth Circuit cases have extended the rulings in *Tani* and *Lal* to cases where the attorney's gross negligence resulted in a ruling of summary judgment against the attorney's clients.

In *Spates-Moore v. Henderson*, 305 F. App'x. 449 (9th Cir. 2008), the Ninth Circuit remanded a case in which the district court failed to consider the gross negligence standard and application of Rule 60(b)(6) for relief from an order granting summary judgment based on the opposing party's counsel's failure to file an opposition to the motion. *Id.* at 450-51. The court determined that the attorney had "effectively abandoned his client," noting that counsel had done the following:

> twice failed to file timely oppositions to motions to dismiss; did not return phone calls; did not attend a pre-trial meeting; did not file an opposition to summary judgment; did not move for relief from summary judgment until more than seventy days after judgment was entered; and told opposing counsel there was 'no point' in doing so.

*Id*. at 451. The Ninth Circuit concluded that "[i]t is unreasonable to hold the client responsible for [the attorney's] acts in these circumstances. These failures went far beyond simple attorney error and perhaps constituted gross negligence and extraordinary circumstances sufficient to justify relief under 60(b)(6)." *Id.*

Further, in *Moore v. United States*, 262 F. App'x. 828 (9th Cir. 2008), the Ninth Circuit held that a district court "erred in denying relief under Rule 60(b)(6)" where an attorney "virtually abandoned" his client by "failing to respond to the motion for summary judgment, even after being warned that such an omission would result in the summary grant of the motion." *Id.* at 829. The court found that "the attorney abandoned his advocacy" and had "crossed the line into the 'gross negligence' we described in *Tani*." *Id.*

District courts considering whether to overturn a judgment must therefore consider the attorney's actions in determining whether the conduct meets the gross negligence standard set forth in *Tani*. In *Contasti v. City of Solana Beach*, No. 09CV1371 WQH BLM, 2012 WL 2722551, at *2-*4 (S.D. Cal. July 9, 2012), the district court granted the plaintiff's motion for relief from summary judgment pursuant to Rule 60(b) due to "the failure of counsel to inform his client of the status of the case." *Id*. at *4. The court found that the plaintiff was "not informed" of the pending motion for summary judgment "or of counsel's failure to file an opposition," despite the plaintiff speaking with counsel the day after the opposition was due. *Id*. The court concluded that, based on counsel's conduct, there were "extraordinary circumstances sufficient to warrant relief from judgment." *Id*.

9

In *Madison v. First Mangus Financial Corp.*, No. CV-08-1562-PHX-GMS, 2009 WL 1148453, at *2-*4 (D. Ariz.  Apr. 28, 2009), the district court granted the plaintiff's motion for relief from dismissal of her case for failing to file a second amended complaint.  *Id.*  After considering the Ninth Circuit's holdings in *Tani*, *Spates-Moore*, and *Moore*, the court found that the plaintiff's counsel had met the gross negligence standard and had "made numerous errors while handing [the] case," including failing to inform the client of developments in the action, failing to notify the client of deadlines, failing to file a second amended complaint despite assurances that he would do so, avoiding correspondence from the client, and failing to file a motion for relief.  *Id.* at *3-*4. Accordingly, the court found that the plaintiff was entitled to relief pursuant to Rule 60(b)(6).  *Id.* at *4.

Further, in *Slama v. City of Madera*, No. 1:08-CV-00810-AWI-SKO, 2011 WL 3667334, at *9-*11 (E.D. Cal. Aug. 22, 2011) report and recommendation adopted, No. 1:08-CV-00810 AWI-SKO, 2011 WL 4055299 (E.D. Cal. Sept. 12, 2011), this Court determined that the conduct of plaintiff's counsel had risen to the level of gross negligence and he had virtually abandoned his client when counsel failed to file oppositions to motions for summary judgment, failed to apprise plaintiff of pending motions, and misled the client as to the status of the case and the reasons why summary judgment was granted.  *Id.* at *11.

Recent district court cases that have denied Rule 60(b)(6) relief from judgment have done so after finding that the attorneys in question had not committed gross negligence.  In *Fruehauf Trailer Corp. v. Harrow*, No. CV 11-09218 DDP, 2013 WL 816446, at *12-*13 (C.D. Cal. Mar. 5, 2013), the court determined that, although the defense counsel failed to appear at the parties' pretrial conference, counsel was permitted to correct that error and was present at trial, "where he offered argument, presented testimony, and asserted objections to the plaintiff's evidence."  *Id.*  The court thus determined that, although the defendant "may now have concerns with how the case was handled and the efficacy of [counsel's] representation, the court discerns no basis for concluding that his performance was so ineffective or absent that it amounts to the entry of default judgment against defendant."  *Id.*

In *Markray v. AT&T-SBC-Pacific Bell Directory*, No. CV 07-08001 DDP (CTx), 2010 WL 3220096, at *3 (C.D. Cal. Aug. 13, 2010), the court denied relief from summary judgment, finding that the plaintiff's "attorney was not grossly negligent." *Id*. In *Markray*, the attorney had filed an opposition to the motion for summary judgment (albeit one that was "substantively weak"), had not deliberately misled her client about the case, and had informed her client of the judgment and the need to file a Rule 60(b) motion; further, the plaintiff had "made no attempt to inquire about her case until nearly a year after the Court granted Defendants' MSJ." *Id*. As such, the court held that the plaintiff's attorney "did not 'virtually abandon' her" client and denied relief under Rule 60(b)(6). *Id*.

Likewise, in *Brown v. Cowlitz County*, No. C09-5090 RBL, 2010 WL 1608876, at *1-*2 (W.D. Wash. Apr. 19, 2010), the district court denied relief from summary judgment under Rule 60(b)(6), finding that "counsel cannot be considered to have abandoned his client." *Id*. at *2. Counsel filed pleadings opposing one of the motions for summary judgment, although not the other, and further filed a motion for reconsideration. *Id*. As such, the plaintiff was "not entitled to relief due to attorney abandonment or gross negligence under Rule 60(b)(6)." *Id*.

### b.   Attorney Armas' Conduct Rises to Gross Negligence

Here, the Court must determine whether Armas' actions (or lack thereof) constituted gross negligence and "virtual abandonment" of Plaintiffs so as to justify relief from judgment. *See Tani*, 282 F.3d at 1171-72; *Lal*, 610 F3d at 525.

Plaintiffs indicate that the initial complaint in *Garcia I* was prepared by attorney Armas and filed in Tulare County Superior Court on March 14, 2012. (*Garcia I*, Doc. 24, 1:23-24.) On April 17, 2012, Defendant removed the action to this Court. (*Garcia I*, Doc. 1.) Armas was aware of this removal, as he signed stipulations with Defendant allowing Defendant additional time to file an anti-SLAPP motion; the stipulations were filed with this Court on May 17, and June 1, 2012. (*Garcia I*, Docs. 6, 9.)

In a letter dated June 6, 2012, Armas communicated to Plaintiffs that Defendant had made a settlement offer and that Armas had been unable to reach Plaintiffs by phone to discuss the offer. (*Garcia I*, Doc. 24, 1:25-27, Exh. A.) The letter did not indicate that the case had been removed to

1  federal court.  On June 21, 2012, Defendant filed its anti-SLAPP motion; Armas was served with

2  a copy of the motion via U.S. mail.  (*Garcia I*, Doc. 13.)

3        Plaintiffs indicate that they rejected Defendant's settlement offer, and on June 28, 2012,

4  Armas sent a letter to Plaintiffs stating that he had been unable to reach them but noted their desire

5  to retain another attorney and enclosed a substitution of attorney form for Plaintiffs to sign.  (*Garcia*

6  *I*, Doc. 24, 2:3-5, Exhs. B, C.)  The substitution form apparently provided with Armas' June 28,

7  2012, letter reflected the case number for the Tulare County Superior Court case, despite the fact that

8  the case had been removed to this Court more than two months prior on April 17, 2012.  (*See Garcia*

9  *I*, Doc. 1; Doc. 24, Exh. C.)  Further, Armas' June 28, 2012, letter did not notify Plaintiffs that

10 Defendant had filed an anti-SLAPP motion, or that Plaintiffs were required to file an opposition by

11 no later than July 18, 2012, based on the scheduled August 1, 2012, hearing date.  (*See Garcia I*,

12 Doc. 13; Doc. 24, and Rule 230(c) of the Local Rules for the United States District Court, Eastern

13 District of California (requiring that any opposition to a motion be filed and served not less than

14 14 days preceding the noticed hearing date).)

15       Armas filed neither the substitution of attorney form in *Garcia I*, nor an opposition to

16 Defendant's anti-SLAPP motion.  (*See generally Garcia I* docket.)  On September 18, 2012,

17 Magistrate Judge Oberto issued an F&R recommending that Defendant's anti-SLAPP motion be

18 granted in part, Plaintiffs' complaint be dismissed without prejudice and with 21 days to amend, and

19 that Defendant's request for an award of attorney's fees be denied.  (*Garcia I*, Doc. 16.)  Armas, who

20 was Plaintiffs' attorney of record and thus represented Plaintiffs at the time, was served a copy of the

21 F&R by mail.[1]  (*See generally Garcia I* docket.)  Objections were due within 21 days of the issuance

22 of the F&R; no objections were filed.  (*See generally Garcia I* docket.)  On October 17, 2012,

23 District Judge Ishii issued an order adopting the F&R;  Plaintiffs' complaint was dismissed without

24 prejudice and with 21 days leave to amend.  (*Garcia I*, Doc. 18.)  Armas, still Plaintiffs' attorney of

25 record, was served with a copy of the order by mail.  (*See generally Garcia I* docket.)  Plaintiffs did

26

27 _____

28       [1] While the Eastern District of California is an electronic case management/filing district (*see* Local Rule 133),
attorney Armas did not provide an email address to the Court, and thus all correspondence was served via U.S. mail.

not file an amended complaint, and the case was closed. (*Garcia I*, Doc. 20.)   Armas was served by mail with that order as well. (*See generally Garcia I* docket.)

Plaintiffs contend that, when they contacted Armas regarding *Garcia I*, "he stated that he never received any notices from this Court." (*Garcia I,* Doc. 24, 18-19.)   As noted, Armas was served by mail with the above orders on the date the orders were issued to the address he provided to the Court – Law Office of Todd Armas, 1186 West Shaw Avenue, Suite 104, Fresno, CA 93711. (*See generally Garcia I* docket.)   This is the same address that Armas has provided to the State Bar of California, and thus is his address of record. (*See* The State Bar of California, Attorney Search, Joseph Todd Armas, http://members.calbar.ca.gov/fal/Member/Detail/172532 (last visited April 5, 2013) and Rules of the California State Bar, Rules 2.1-2.4 (requiring that California State Bar members maintain their current address with the State Bar).)   Further, the orders mailed by the Court were not returned as undeliverable, and thus appear to have been delivered to Armas. (*See generally Garcia I* docket.)   It is unclear why Armas purportedly claims not to have received the Court's orders.

Additionally, Plaintiffs contend that they asked Armas why the substitution of attorney form was not filed in *Garcia I*, and Armas "stated he couldn't file the signed substitution as federal court required a different form." (*Garcia I,* Doc. 24, 2:19-21.)   The Court notes that the substitution form submitted with Plaintiffs' Motion for Relief provided by Armas was created by the Judical Council of California for use in California state courts and is not the form used in federal courts. (*Garcia I*, Doc. 24, Exh. C.)   It appears that Armas did not contact Plaintiffs to request that they sign the correct form, nor did Armas file the incorrect form with this Court or seek the Court's permission to withdraw as attorney of record.   Thus, Armas remained Plaintiffs' attorney of record in *Garcia I*, and was representing Plaintiffs during the period where Plaintiffs failed to file an opposition to Defendant's anti-SLAPP motion and failed to file an amended complaint as required by the Court's October 17, 2012, order.

On balance, Armas' conduct rises to the level of gross negligence as he "virtually abandoned" Plaintiffs.   He provided "practically no representation at all" (*Tani*, 282 F.3d at 1171), and "abandoned his advocacy" (*Moore*, 262 F. App'x at 829).   Armas did not keep Plaintiffs apprised of

the status of their case in *Garcia I* and appears to have provided them with no information regarding the legal proceedings. Armas was in contact with Plaintiffs after the anti-SLAPP motion was filed, but failed to inform Plaintiff of the motion. (*See Garcia I*, Doc. 13 (anti-SLAPP motion filed June 21, 2012); Doc. 24, Exh. B (letter from Armas to Plaintiff regarding substitution of counsel dated June 28, 2012 (failing to mention the anti-SLAPP motion).) Plaintiffs were unaware that *Garcia I* was removed, unaware that Defendant filed an anti-SLAPP motion, unaware that Defendant's motion had been granted, unaware that Armas had failed to file the substitution of attorney form, and unaware that Plaintiffs were required to file an amended complaint. (*See Garcia I,* Doc. 24.)

Armas, as Plaintiffs' attorney of record, received notice of Defendant's motion and the Court's orders; Plaintiffs would not have received separate notice regarding the proceedings from either Defendant or the Court as Plaintiffs were represented by counsel. *See* Fed. R. Civ. P. 5(b)(1) ("[i]f a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.") As such, Plaintiffs were reliant upon Armas to inform them of any proceedings in the action, and it appears that Armas failed to do so.

Defendant's anti-SLAPP motion was granted, in part, due to Plaintiffs' failure to file an opposition. (*See Garcia I*, Doc. 16, 7:22-24 ("Plaintiffs failed to file an opposition to Defendant's motion. To survive an anti-SLAPP motion, Plaintiffs are required to show that their complaint is 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment' on the issues of probable cause and malice." (citation omitted)).) *Garcia I* was dismissed due to Plaintiffs' failure to file an amended complaint. (*See Garcia I*, Doc. 20.) Armas thus failed to provide adequate representation for his clients and failed to inform them of the actions necessary in their case.

As such, due to Armas' "virtual abandonment" and gross negligence in handling his clients' action, it is recommended that Plaintiffs' Motion for Relief be GRANTED, *Garcia I* be reopened, and Plaintiffs be afforded a renewed opportunity to file an amended complaint.[2]

---

[2] Plaintiffs are advised that, if the Court adopts these Findings and Recommendations and allows Plaintiffs to file an amended complaint, the amended complaint supercedes the original complaint. *See Lacey v. Maricopa Cnty*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. Therefore, in an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**C.     Current Status of Counsel**

Although Plaintiffs were representing themselves *pro se* in *Garcia II*, Armas remains Plaintiffs' attorney of record in *Garcia I* since a substitution of attorney form has not been filed, nor has Armas sought to withdraw as counsel. (*See generally Garcia I* docket). It is thus recommended that Armas be ORDERED to either file a substitution of attorney form (which can be found under the "Forms & Fees" section of the United States Courts website (www.uscourts.gov)), or inform the Court that Plaintiffs wish to continue proceeding with Armas as their counsel. Armas continues to remain as Plaintiffs' attorney of record until a substitution of counsel is approved by the Court.

## IV.    CONCLUSION AND RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1.  Plaintiffs' Motion for Relief be GRANTED in *Garcia et al. v. Allstate Insurance,* case no. 1:12:-cv-00609-AWI-SKO;

2.  The order closing the case and the judgment against Plaintiffs be set aside and the case be reopened;

3.  Plaintiffs be ORDERED to file an amended complaint within twenty-one (21) days of the date of service of the district court's order adopting these findings and recommendations; and

4.  Attorney Joseph Todd Armas be ORDERED, within twenty-one (21) days of the date of service of the district court's order adopting these findings and recommendations, to file either a substitution of attorney form or inform the Court if Plaintiffs wish to continue proceeding with attorney Armas as their counsel.

The Clerk's Office is DIRECTED to serve Plaintiffs with a copy of these findings and recommendations via U.S. mail at the following address:

> Efrain Garcia and Ofelia Garcia
> 1095 Adams Avenue
> Orange Cove, CA 93646

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one

(21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If objections are filed, any responses to the objections shall be filed within fourteen (14) days of the service of the objections.  Local Rule 304(d).  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 22, 2013**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE

16