UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EFRAIN GARCIA and OFELIA GARCIA,<br><br>        Plaintiffs<br><br>    v.<br><br>ALLSTATE INSURANCE,<br><br>        Defendant | CASE NO. 1:12-CV-609 AWI SKO<br><br>ORDER VACATING DECEMBER 10, 2014 PRE-TRIAL CONFERENCE and ORDER FOR PLAINTIFFS' TO SHOW CAUSE |

Pursuant to the April 3, 2014, scheduling order, a bench trial in this matter is set for January 27, 2015, and the pretrial conference is set for December 10, 2014. See Court's Docket Doc. No. 55. The scheduling order ordered the parties to file a joint pre-trial statement, and referred the parties Local Rules 281 and 282. See id. Local Rule 281 explains that the parties are required to submit a pre-trial conference statement. See Local Rule 281(a).[1] Where the parties do not file a joint pre-trial statement, plaintiffs are required to file a pretrial statement not less than 14 days before the pretrial conference, and defendants are required to file a pretrial statement no less than 7 days before the pretrial conference. See Local Rule 281(a)(1). Given these deadlines, Plaintiffs were required to file a pre-trial statement on or before November 26, 2014, and Defendant was required to file a pretrial statement on or before December 3, 2014. Defendant has filed a pre-trial statement, see Court's Docket Doc. No. 59, but Plaintiffs have not. In fact, aside from Defendant's pre-trial statement, there has been no activity in this case since early July 2014.

---

[1] A copy of the Local Rules may be found at the Clerk's office or the Court's website: http://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/

The failure to prosecute, to obey a court order, or to follow the Local Rules are all grounds for the Court to impose sanctions, including dismissal of a case.  See Local Rule 110; Bautista v. Los Angeles Cnty, 216 F.3d 837, 841 (9th Cir. 2000); Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995); In re Eisen, 31 F.3d 1447, 1456 (9th Cir. 1994); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).  In determining whether to dismiss a case for failure to comply with a court order, local rules, or failure to prosecute, district courts must weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  See id.

Plaintiffs have failed to obey the Court's scheduling order and Local Rule 281.  Also, there has been no activity in this case since July 2014, and Defendant's pre-trial statement indicates that Plaintiffs did not initiate a meeting about the pretrial statement and that there have been communication problems in the past.  Given the time frames and history, the Court is concerned about a failure to prosecute this case.

Without a pre-trial statement, it is impractical to conduct a pre-trial conference, and without a pre-trial conference, a reasonable and efficient trial cannot be accomplished.  This case is now at a stand-still.  Given the failure to obey Local Rules and a court order, and the apparent absence of activity for nearly 5 months, the Court has great concerns about the prosecution of this case.  The Court will vacate the December 10 pre-trial conference date, and order Plaintiffs to file a pre-trial conference statement.[2]  The Court will also order the Plaintiffs to show cause in writing why sanctions, up to and including dismissal of this case, should not imposed for their failure to prosecute and their failure to file a pre-trial conference statement, as required by the Local Rules and the scheduling order.  If Plaintiffs do not respond by the deadline set, this case will be dismissed and closed without further notice.

---

[2] Local Rule 281 lists what a pre-trial conference statement must contain.  Plaintiffs are referred to Local Rule 281 and the Defendant's pre-trial statement.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 10, 2014 pre-trial conference is VACATED;
2. The pre-trial conference is RESET to December 15, 2014 at 3:00 p.m.;
3. All parties are to personally appear in Courtroom No. 2 for the December 15, 2014 pre-trial conference;
4. Plaintiffs are to file a pretrial conference statement with the Court on or by 1:00 p.m. on December 11, 2014;
4. Plaintiffs are to show cause in writing no later than 1:00 p.m. on December 11, 2014, why sanctions, up to and including dismissal of this case, should not be imposed for the failure to obey court orders, the failure to obey Local Rules, and the failure to prosecute;[3] and
5. PLAINTIFFS ARE WARNED THAT THE FAILURE TO TIMELY RESPOND TO THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE.

IT IS SO ORDERED.

Dated:   December 3, 2014

_____
SENIOR DISTRICT JUDGE

---

[3] Plaintiffs are warned that the Clerk's office must be in actual possession of both the pre-trial statement and the written response to the show cause order by December 11, 2014 at 1:00 p.m.  Simply mailing the items on or by December 11 is insufficient.